**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| VISUAL EFFECT INNOVATIONS, LLC,<br><br>　　　　　　　Plaintiff,<br>　v.<br>NVIDIA CORPORATION,<br><br>　　　　　　　Defendants. | Civil Action No. 2:16-cv-01345 |

**<u>DEFENDANT NVIDIA CORPORATION'S MOTION TO TRANSFER VENUE</u>**

## TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................1

II.   FACTUAL BACKGROUND ....................................................................................2

    A.    THE LAWSUIT ............................................................................................2

    B.    THE PLAINTIFF: VEI ................................................................................2

    C.    THE DEFENDANT:  NVIDIA ....................................................................3

    D.    NON-PARTY WITNESSES AND EVIDENCE ........................................3

III.  ARGUMENT ............................................................................................................5

    A.    VEI COULD HAVE BROUGHT THIS ACTION IN THE
        NORTHERN DISTRICT OF CALIFORNIA ..........................................5

    B.    THE COURT SHOULD NOT GIVE DEFERENCE TO VEI'S
        CHOICE OF VENUE ..................................................................................5

    C.    THE PRIVATE INTEREST FACTORS STRONGLY FAVOR
        TRANSFER TO N.D. CAL. .......................................................................6

        1.    "Relative ease of access to sources of proof" favors transfer. ....................7

        2.    The "availability of compulsory process to secure the
            attendance of witnesses" strongly favors transfer.........................................8

        3.    The high cost of attendance for willing witnesses in both time
            and monetary expense favors transfer.............................................................9

        4.    All other practical problems that make trial of a case easy,
            expeditious, and inexpensive favor transfer...............................................10

    D.    THE PUBLIC INTEREST FACTORS FAVOR TRANSFER TO N.D.
        CAL...............................................................................................................11

        1.    The Northern District of California has a local interest in the
            litigation ...............................................................................................11

IV.   CONCLUSION.......................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Acer Am. Corp.*,
626 F.3d 1252 (Fed. Cir. 2010)..............................................................................8

*Affinity Labs of Tex., L.L.C. v. Apple, Inc.*,
No. 2:10-CV-0054, D.I. 68 at 2 (E.D. Tex. Nov. 4, 2010) ......................................6

*In re Apple Inc.*,
374 F. App'x 997 (Fed. Cir. 2010) .........................................................................12

*In re Apple Inc.*,
581 F. App'x 886 (Fed. Cir. 2014) .........................................................................10

*Berry v. Pilgrim's Pride Corp.*,
No. 2:16-CV-409-JRG, 2016 WL 6092701 (E.D. Tex. Oct. 19, 2016)....................6

*DataQuill, Ltd. v. Apple Inc.*,
No. A-13-CA-706-SS, 2014 WL 2722201 (W.D. Tex. June 13, 2014) ...................11

*EON Corp. IP Holdings, LLC v. Sensus, USA, Inc.*,
No. 2:10-cv-448-DF, 2012 WL 122562 (E.D. Tex. Jan. 9, 2012)...........................12

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009)..........................................................................7, 9

*In re Hoffmann-La Roche Inc.*,
587 F.3d 1333 (Fed. Cir. 2009).............................................................................12

*In re Horseshoe Entm't*,
337 F.3d 429 (5th Cir. 2003) ..................................................................................5

*In re Microsoft Corp.*,
630 F.3d 1361 (Fed. Cir. 2011)................................................................................6

*Miller & Lux, Inc. v. East Side Canal & Irrigation Co.*,
211 U.S. 293 (1908).................................................................................................6

*Network Prot. Scis. LLC v. Juniper Networks, Inc.*,
No. 2:10-CV-224-JRG, 2012 WL 194382 (E.D. Tex. Jan. 23, 2012) .....................12

*In re Nintendo Co.*,
589 F.3d 1194 (Fed. Cir. 2009)................................................................................6

*PersonalWeb Technologies LLC v. Apple Inc.*,
No. 6:12-cv-00660-LED, D.I. 101 (E.D. Tex. Feb. 12, 2014)....................................................8

*Realtime Data LLC v. Dropbox, Inc.*,
No. 6:15-CV-465-RWS-JDL, 2016 WL 153860 (E.D. Tex. Jan. 12, 2016) ...........................7

*Regent Markets Group, Ltd. v. IG Markets, Inc.*,
No. 2:10-CV-42, 2011 WL 1135123 (E.D. Tex. Mar. 25, 2011) ..............................................8

*Software Rights Archive, LLC v. Google Inc.*,
No. 2:07-cv-00511-CE, D.I. 323 (E.D. Tex. July 22, 2010)...........................................11, 12

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
No. 16-341 ...................................................................................................................................1

*Transunion Intelligence L.L.C. v. Search America, Inc.*,
Case No. 2:10-CV-130, 2011 WL 1327038 (E.D. Tex. Apr. 5, 2011)....................................10

*In re TS Tech USA Corp.*,
551 F. 3d 1315 (Fed. Cir. 2008).........................................................................................7, 11

*In re Volkswagen AG*,
371 F.3d 201 (5th Cir. 2004) .......................................................................................4, 9, 11

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. 2008) (en banc) ....................................................................5, 7, 9, 11

*In re WMA Gaming*,
564 F. App'x 579 (Fed. Cir. 2014) ........................................................................................10

*In re Zimmer Holdings, Inc.*,
609 F.3d 1378 (Fed. Cir. 2010)...............................................................................................12

**Statutes**

28 U.S.C. § 1400(b) ...........................................................................................................................5

28 U.S.C. § 1404(a) .............................................................................................................1, 5, 6, 9

I.      INTRODUCTION

This case should be transferred to the Northern District of California because neither party to this action has any meaningful connection to the Eastern District of Texas.  The relevant evidence and witnesses are located primarily in the Northern District of California. Accordingly, Defendant NVIDIA Corporation ("NVIDIA" or "Defendant") respectfully moves to transfer this case pursuant to 28 U.S.C. § 1404(a) to the Northern District of California for the convenience of the parties and witnesses.[1]

The plaintiff in this matter is Visual Effect Innovations, LLC ("VEI"), a company formed in Texas a few months before filing suit.  VEI has no business operations in the Eastern District of Texas – only a "virtual office" at a facility in Plano that gives VEI an address in the district, and access to limited resources, such as shared conference rooms and the use of a fax machine. Moreover, neither NVIDIA, nor any relevant third parties, reside in the Eastern District of Texas. The Northern District of California, on the other hand, is the home to the majority of witnesses and evidence relevant to this case.  NVIDIA is headquartered there.  All of its employees that work with the accused products today are found in the Northern District of California.  Thus, the Northern District of California is the most convenient venue for this action.

In its complaint, VEI relies on NVIDIA's contacts to Austin – in the Western District of Texas.  NVIDIA has a satellite office in Austin that is not currently involved in the development, design, or support of the accused product, and has not been involved for years.  There is one NVIDIA employee in Austin that *was* involved in product marketing for the accused technology,

---

[1] By filing this motion, NVIDIA in no way concedes that venue is proper in this district. NVIDIA reserves its right to object to venue pending the Supreme Court's resolution of the issues raised in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, No. 16-341 because, like in *TC Heartland*, Visual Effect Innovations, LLC has not and cannot assert that NVIDIA is incorporated in Texas or that it has any established place of business in this District.

but he has not worked on the accused products since 2013 – before the issuance of the patents-in-suit.  This outdated tie to the Western District of Texas does not overcome the multiple factors that demonstrate that the Northern District of California is a more convenient venue for this action.  This case should have been brought in Northern California, and now the Court should transfer it there.

## II.    FACTUAL BACKGROUND

### A.    The Lawsuit

This case is in its infancy.  VEI filed suit against NVIDIA on December 1, 2016, alleging that NVIDIA's Active 3D glasses infringed U.S. Patent No. 8,864,304 and U.S. Patent No. 9,167,235 (collectively "patents-in-suit").  D.I. 1 ¶¶ 15, 27.  NVIDIA brings this motion with its Answer.  The Court has not yet issued a discovery order or held a scheduling conference.

Accordingly, this motion is timely and transfer will not pose any burden or delay.

### B.    The Plaintiff: VEI

VEI appears to be a patent-holding company with no real ties to this District.  VEI was incorporated on August 19, 2016, less than four months before it brought suit.  Declaration of Aamir Kazi In Support Of NVIDIA's Motion to Transfer to the Northern District of California ("Kazi Decl.") at Exh. A.  Although VEI's complaint alleges a principal place of business in this District at 1400 Preston Road, Suite 400, Plano, Texas 75093 (D.I. 1 ¶ 5), it does not appear that VEI has any business operations at that address.  The leasing office website for the property at 1400 Preston Road fittingly describes the building as a "virtual office."  *See* Kazi Decl. at Exh. B.  Numerous non-practicing entities use that same address as their principal place of business, presumably for the purpose of defending venue.  For example, less than a month before VEI filed the current suit, another patent holding company, Rothschild Broadcast Distribution Systems, LLC, filed a patent infringement suit against The Walt Disney Company, and identified the same

address as its "principal office."  Kazi Decl. at Exh. C ¶ 3.  In another example, a different patent holding company brought suit against NVIDIA last year, and identified the same address as its headquarters.  Kazi Decl. at Exh. D ¶ 1.  Even VEI's parent company, Monument Patent Holdings, LLC, which is a patent holding company by name, shares this address.  Kazi Decl. at Exh. A.

Thus, VEI has no meaningful presence in the Eastern District of Texas.

**C.      The Defendant:  NVIDIA**

NVIDIA is incorporated under the laws of Delaware and has its headquarters in Santa Clara, California.  Declaration of Gerrit Slavenburg In Support Of NVIDIA's Motion to Transfer to the Northern District of California ("Slavenburg Decl.") ¶3.  NVIDIA's management, design, development, marketing and financial reporting of the accused Active 3D glasses is based in its Santa Clara headquarters, and all NVIDIA employees working on the product are found there.  *Id.* ¶¶ 6-10.  The engineers involved in the design and development of this product, Gerrit Slavenburg and David Cook, are both in Santa Clara.  *Id.* ¶ 7.  NVIDIA employee Michael McSorley handles product marketing, and he is also in Santa Clara.  *Id.* ¶ 8.  Frank Fox, NVIDIA's Vice President of Business in charge of the accused products is also based in Santa Clara.  *Id.* ¶ 9.  All relevant documents concerning the products are also found there.  *Id.* ¶¶ 6, 11. No witnesses that worked on the accused Active 3D glasses were ever based in the Eastern District of Texas.

Therefore, NVIDIA's meaningful sources of evidence are located in the Northern District of California – not in the Eastern District of Texas.

**D.      Non-Party Witnesses and Evidence**

There are no third parties that are located in the Eastern District of Texas.  The inventors and prosecuting attorneys are not located there, nor is travel to the Eastern District of Texas more

convenient for any of them.  Rather, the Northern District of California is just as accessible, if not more accessible, and also home to relevant third party prior art systems.

The patents-in-suit name Kenneth Martin Jacobs and Ronald Steven Karpf as co-inventors.  Neither inventor resides in Texas: Mr. Jacobs resides in New York, and Mr. Karpf resides in Oregon.  *See* Kazi Decl., Exhs. E, F.  Either could travel to the Northern District of California on a direct flight – and for Mr. Karpf, the flight from Oregon to the Northern District of California is much shorter than a flight to the Eastern District of Texas.  There are no comparable travel options available to the Eastern District.  Kazi Decl. Exh. G (demonstrating that there are no direct flight options to the Eastern District of Texas from either New York or Oregon).[2]  Similarly, the primary prosecuting attorney for the patents-in-suit is Donald C. Lucas, who resides in New York.  *Id.* at Exh. H.  As with Mr. Jacobs, Mr. Lucas can travel to the Northern District of California on a direct flight, but cannot do so to the Eastern District of Texas. The increased cost and/or time required to travel to the Eastern District of Texas favors transfer. *In re Volkswagen AG,* 371 F.3d 201, 205 (5th Cir. 2004) ("Volkswagen I") ("[T]he factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. Additional distance [from home] means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.").

There are also non-party entities and witnesses relevant to NVIDIA's invalidity defenses that reside in the Northern District of California (and are only subject to compulsory service of process in that District).  For example, commercially known 3D systems were found in California

---

[2] The closest airport to Marshall is in Longview.  Traveling to Marshall would require at least one connection and then driving to Marshall from Longview.

prior to the priority date of the patents-in-suit.  Metabyte Inc., which was headquartered in Fremont, California in the Northern District of California, developed Wicked3D eyeSCREAM Glasses and related technologies in 1998.  *Id.* at Exh. I, J.  The Metabyte engineers involved in the development of the eyeSCREAM Glasses were based out of the Northern District of California. For NVIDIA to be able to call these witnesses at trial, NVIDIA will need to rely on compulsory service of process, available in the Northern District of California.  Similarly, Asus Computer International ("Asus") developed the VR-100 3D Glasses in 1998.  Asus is also headquartered in Fremont, California.  *Id.* at Exh. K, L.  Thus, Asus engineers are found in the Northern District of California and subject to service of process there.

## III.    ARGUMENT

### A.    VEI Could Have Brought This Action in the Northern District of California

The threshold determination for a Section 1404(a) transfer analysis is whether the action could have been filed in the judicial district to which transfer is sought.  *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003).  NVIDIA's principal place of business is Santa Clara – in the Northern District of California.  Thus, the Northern District of California has personal jurisdiction over NVIDIA, and venue is proper there.  28 U.S.C. § 1400(b) (venue is proper in the Northern District of California because "any civil action for patent infringement may be brought in the judicial district where the defendant resides . . . .").  Thus, the threshold question for transfer under Section 1404(a) is met.

### B.    The Court Should Not Give Deference to VEI's Choice of Venue

The plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*").  But the Fifth Circuit does not give special weight to the plaintiff's choice of venue where it has no relationship to the

parties or the case.  *In re Nintendo Co.*, 589 F.3d 1194, 1200 (Fed. Cir. 2009).

Here, the Court should not give deference to VEI's choice of forum.  VEI's only connection to this District was created solely for the purpose of establishing venue.  VEI incorporated in Texas just before it brought suit.  It does not appear that VEI conducts any "business" in the district.  It identifies no such business operations, employees, potential witnesses or documents in the Eastern District of Texas.  Because VEI's connections to this District were "made in anticipation of litigation and for the likely purpose of making that forum appear convenient," the argument that the existence of such connections warrants deference to plaintiff's choice of venue "rests on a fallacious assumption."  *In re Microsoft Corp.*, 630 F.3d 1361, 1364 (Fed. Cir. 2011) (citing *Miller & Lux, Inc. v. East Side Canal & Irrigation Co.*, 211 U.S. 293 (1908) ("[t]he Supreme Court has long urged courts to ensure that the purposes of jurisdictional and venue laws are not frustrated by a party's attempt at manipulation.")); *Affinity Labs of Tex., L.L.C. v. Apple, Inc.*, No. 2:10-CV-0054, D.I. 68 at 2 (E.D. Tex. Nov. 4, 2010) ("[Plaintiff] allegedly moved its office to a residential apartment complex in Frisco less than three weeks before this suit was filed. Although [plaintiff] has a long term presence in Texas, its presence in this district appears to be recent, ephemeral, and an artifact of litigation.").

Based on these facts, VEI's choice of venue should not be given deference.  *See Berry v. Pilgrim's Pride Corp.*, No. 2:16-CV-409-JRG, 2016 WL 6092701, at *5 (E.D. Tex. Oct. 19, 2016) ("This Court is aware of the 'inadvisability of denying transfer where only the plaintiff's choice weighs in favor of denying transfer and where the case has no connection to the transferor forum and virtually all of the events and witnesses regarding the case...are in the transferee forum.'") (internal citations omitted).

## C.    The private interest factors strongly favor transfer to N.D. Cal.

When considering a Section 1404(a) motion, the Fifth Circuit applies the "public and

private" interest factors to determine convenience of the parties and the witnesses.  *See Volkswagen II*, 545 F.3d at 314 n.9.  Here, all factors point to the Northern District of California as the more convenient and appropriate venue.

>    1.    *"Relative ease of access to sources of proof" favors transfer.*

The Federal Circuit recognizes that "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."  *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009); *see also Realtime Data LLC v. Dropbox, Inc.*, No. 6:15-CV-465-RWS-JDL, 2016 WL 153860, at *2 (E.D. Tex. Jan. 12, 2016) ("the place where the defendant's documents are kept weighs in favor of transfer to that location").  NVIDIA's relevant witnesses (Gerrit Slavenburg and David Cook with respect to the design and development of the accused products, and Michael McSorley with respect to the marketing of the product) are based in Santa Clara, where they maintain their paper and electronic files.

By contrast, no relevant information is located in the Eastern District of Texas.  NVIDIA does not have any evidence relevant to the accused products in the Eastern District.  *See In re Genentech*, 566 F.3d at 1340-41 (transferor venue "indisputably ha[d] no connection to any of the witnesses or evidence relevant to the cause of action."); *see In re TS Tech USA Corp.*, 551 F. 3d 1315, 1321 (Fed Cir. 2008) (ease of access favors transfer where "none of the evidence is located in Texas").  Nor does it appear that VEI does.

VEI's complaint points to NVIDIA's presence in Austin in the Western District, but NVIDIA's Austin office no longer supports the Active 3D glasses, and no employees in Austin work on the Active 3D product today.  Declaration of Andrew Fear ISO NVIDIA's Motion to Transfer to the Northern District of California ("Fear Decl.") ¶¶ 4-5, 11.  VEI presumably was relying on an outdated NVIDIA blog about 3D technology that Andrew Fear authored

(https://blogs.nvidia.com/blog/author/andrew-fear/), but the most recent post in that blog relating to NVIDIA 3D technology dates back to at least 2011. *Id.* ¶¶ 5-7. Mr. Fear worked on product marketing for the accused Active 3D glasses at that time, but stopped working on NVIDIA 3D technology in or around 2013, and has not posted about NVIDIA 3D technology since (although he has updated other aspects of his blog, like video gaming). *Id.* ¶¶ 4-8. And even when Mr. Fear did work on the Active 3D glasses, he was part of a larger product marketing team that was based out of Santa Clara, which continues to work on the Active 3D glasses today. *Id.* at ¶¶ 10. Thus, any knowledge Mr. Fear has about the Active 3D glasses is historical, and secondary to the knowledge of other individuals who have both historical ***and*** current involvement with the product. *Id.* at ¶¶ 9-10

Because all of the evidence is located at NVIDIA's headquarters in the Northern District of California and because VEI lacks any connection to the Eastern District of Texas, this factor strongly supports transfer to that venue.

  2. *The "availability of compulsory process to secure the attendance of witnesses" strongly favors transfer.*

"The venue's ability to compel testimony through subpoena power is . . . an important factor," and may be "invaluable." *In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010); *Regent Markets Group, Ltd. v. IG Markets, Inc.*, No. 2:10-CV-42, 2011 WL 1135123, at *3 (E.D. Tex. Mar. 25, 2011) (finding that the availability of compulsory process "will weigh more heavily in favor of transfer when more non-party witnesses reside within the transferee venue."). As referenced above, the Northern District of California is the home of several third parties, like companies Metabyte and Asus. The Eastern District of Texas is not. *See PersonalWeb Technologies LLC v. Apple Inc.*, No. 6:12-cv-00660-LED, D.I. 101 at 22 (E.D. Tex. Feb. 12, 2014) (this factor favors transfer when "there are no known third-party witnesses in this District

and several potential third-party witnesses in the Northern District of California"). Thus, this factor favors transfer because there are relevant and material third parties within the subpoena power of the Northern District of California, while there are no such potential witnesses anticipated to be within the subpoena power of this Court.

3.    *The high cost of attendance for willing witnesses in both time and monetary expense favors transfer.*

The "single most important factor in transfer analysis" is the convenience to and cost for the witnesses to travel and attend trial. *Genentech*, 566 F.3d at 1343. The Fifth Circuit explained:

> [T]he factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. Additional distance [from home] means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.

*In re Volkswagen AG*, 371 F.3d 201, 205 (5th Cir. 2004) ("Volkswagen I"). The Fifth Circuit adopted a "100 mile rule" to assist with this analysis. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* at 205. The "100 mile rule" favors transfer (with differing degrees) if the transferee venue is a shorter distance from witnesses than the transferor venue. *See Volkswagen II*, 545 F.3d at 317. In cases where no potential witnesses reside in the plaintiff's chosen forum, favoring the court's location as geographically central to all of the witnesses is improper. *Genentech*, 566 F.3d at 1344.

This factor favors transfer because none of NVIDIA's witnesses are located in the Eastern District of Texas. The majority of NVIDIA's relevant employees are in Santa Clara – in the Northern District of California. *See supra* Sec. II.C. For these witnesses, travel to the Eastern District of Texas for trial would be particularly burdensome compared to traveling to the Northern

District of California.  For example, the San Jose courthouse is only seven miles away from

NVIDIA headquarters, and the San Francisco courthouse is only forty-four miles away.  Kazi

Decl. at Exh. M.  In contrast, Marshall is over 1600 miles away and one-way travel would take at

least seven hours.  *Id.* at Exh. N.  Such travel would also require hotel accommodations, a car

rental and normal meal expenses – in addition to the lost employee productivity to NVIDIA

resulting from two full travel days between the districts.  The same would be true for prior

witnesses from ASUS and Metabyte, inventors, or the prosecuting attorney that may willingly

attend trial, because none are found in the Eastern District of Texas.  And, the burden of traveling

to the Northern District of California is simpler and at least no more than the cost and burden to

travel to the Eastern District of Texas.  *See supra* Sec. II.D.

Notably, these facts are similar to those in *In re Apple Inc.*, 581 F. App'x 886, at 886 (Fed.

Cir. 2014), where the Federal Circuit held that the district court erred in denying a motion to

transfer where "Apple identified at least eight prospective party witnesses in the transferee venue

with relevant material information, while [the plaintiff] failed to identify a single prospective

witness in the Eastern District of Texas."  *See also In re WMA Gaming*, Inc., 564 F. App'x 579,

581 (Fed. Cir. 2014) (finding that the significant incurred expenses and lost productivity of

defendant's employees weighed strongly in favor of transfer and accordingly vacating the district

court's order denying transfer).

Thus, this factor favors transfer.

> 4.    *All other practical problems that make trial of a case easy, expeditious,
>        and inexpensive favor transfer.*

Because this case is in its early stages, no practical problems exist that would deter this

Court from transferring to the Northern District of California.  *See Transunion Intelligence L.L.C.*

*v. Search America, Inc.*, Case No. 2:10-CV-130, 2011 WL 1327038, *5 (E.D. Tex. Apr. 5, 2011).

There is no docket control order and there has been no discovery in this litigation. This factor is neutral.

    **D.    The public interest factors favor transfer to N.D. Cal.**

    The relevant public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Volkswagen II*, 545 F.3d at 315. The first, third, and fourth public interest factors are neutral. *DataQuill, Ltd. v. Apple Inc.*, No. A-13-CA-706-SS, 2014 WL 2722201, at *4 (W.D. Tex. June 13, 2014) (finding the first public interest factor neutral in patent cases because "[a]ttempting to accurately understand another court's docket from the outside is always a difficult task" and the troubles unique to a district "likely are not visible from bland statistics such as average time to trial"); *TS Tech*, 551 F.3d at 1320; *Software Rights Archive, LLC v. Google, Inc.*, No. 2:07-CV-511-CE, 2010 WL 2950351, at *5 (E.D. Tex. July 22, 2010) ("Both the Northern District of California and the Eastern District of Texas are familiar with patent law, and thus this factor is neutral."). Thus, the inquiry here focuses on the second factor, which favors transfer.

    *1.    The Northern District of California has a local interest in the litigation*

    The Court must consider local interest in the litigation because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (citation omitted). Interests that "could apply virtually to any judicial district or division in the United States," such as nationwide sale of the allegedly infringing products, are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d at 318.

    Here, the Northern District of California has a strong local interest in this matter because

NVIDIA is headquartered there, it is where the accused active 3D glasses are designed and developed, and it is where defendants' relevant employees are based. *See Software Rights Archive, LLC v. Google Inc.*, No. 2:07-cv-00511-CE, D.I. 323 at 8 (E.D. Tex. July 22, 2010) (finding that the Northern District of California had a strong local interest in the case because Google and several other defendants were headquartered there); *see also In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) (destination venue's local interest in the case was "strong because the cause of action calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community").

Indeed, this factor favors transfer even more strongly here than in some of the cases cited above because VEI has no real presence in the Eastern District of Texas, and no witness lives in this district. The Federal Circuit has repeatedly held that establishing a principal place of business in a district for purposes of seeking venue does not create a local interest. *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010); *see In re Apple Inc.*, 374 F. App'x 997, 999 (Fed. Cir. May 12, 2010) (holding that the plaintiff's status as a Texas corporation was not entitled to significant weight, as its presence in Texas appeared "to be both recent and ephemeral"); *see also Network Prot. Scis. LLC v. Juniper Networks, Inc.*, No. 2:10-CV-224-JRG, 2012 WL 194382, at *7 (E.D. Tex. Jan. 23, 2012) ("small and fairly recent operations in Texas" outweighed by defendants who "collectively employ thousands of people residing in California"); *EON Corp. IP Holdings, LLC v. Sensus, USA, Inc.*, No. 2:10-cv-448-DF, 2012 WL 122562, at *5 (E.D. Tex. Jan. 9, 2012) (similar).

This District's resources should not be wasted, and instead should be preserved for disputes with genuine ties to this District, by transferring these cases to the Northern District of California, which has a particularized local interest in this case.

**IV.     CONCLUSION**

For all of the foregoing reasons, Defendant NVIDIA respectfully requests that this Court

transfer this case to the Northern District of California.

Dated:  January 23, 2017                    Respectfully submitted,


By:  _/s/ Aamir A. Kazi_
     Aamir A. Kazi
     Georgia Bar No. 104235
     kazi@fr.com
     FISH & RICHARDSON P.C.
     1180 Peachtree Street NE
     21st Floor
     Atlanta, Georgia 30309
     Telephone: (404) 892-5005
     Facsimile: (404) 892-5002

     Attorneys for Defendant
     NVIDIA CORPORATION

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on January 23, 2017, and was served via CM/ECF on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

*/s/ Aamir A. Kazi*
Aamir A. Kazi
