# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| VISUAL EFFECT INNOVATIONS, LLC,<br><br>　　　　　　　Plaintiff,<br>　v.<br>NVIDIA CORPORATION,<br><br>　　　　　　　Defendants. | Civil Action No. 2:16-cv-01345 |

### DEFENDANT NVIDIA CORPORATION'S ANSWER, AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Pursuant to Rules 8 and 12(a)(4)(A) of the Federal Rules of Civil Procedure, Defendant NVIDIA Corporation ("Defendant" or "NVIDIA") hereby answers the allegations set forth in Plaintiff Visual Effect Innovations, LLC's ("Plaintiff" or "VEI") December 1, 2016 Complaint ("Complaint").

To the extent any heading or non-numbered statement in VEI's Complaint contains an allegation, NVIDIA denies each and every allegation herein. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications or speculations that arguably follow from the admitted facts. NVIDIA denies that VEI is entitled to the relief requested or any other relief.

## I.   ANSWER TO COMPLAINT

Specifically, NVIDIA answers as follows:

### BACKGROUND

1. NVIDIA admits that VEI purports to be the assignee and owner of the patents at

issue in this action: U.S. Patent No. 8,864,304 ("the '304 Patent") and U.S. Patent No. 9,167,235 ("the '235 Patent") (collectively, the "Asserted Patents").  NVIDIA denies any and all other allegations of this paragraph not specifically and expressly admitted.

2. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies those allegations.

3. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies those allegations.

4. NVIDIA denies the allegations of this paragraph.

## PARTIES

5. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies those allegations.

6. NVIDIA admits that NVIDIA is a corporation headquartered at 2701 San Tomas Expressway, Santa Clara, CA 95050, with a Regional Office at 11001 Lakeline Blvd #100, Austin, TX 78717, that it is registered with the State of Texas, and that it may be served through Corporation Service Company.

## JURISDICTION AND VENUE

7. NVIDIA admits that the Complaint purports to set forth a cause of action that arises under the patent laws of the United States, Title 35 of the United States Code, but NVIDIA denies that VEI's claims against NVIDIA have any factual or legal basis.  NVIDIA admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) inasmuch as the Complaint purports to state claims for patent infringement arising under Title 35 of the United States Code, but NVIDIA denies any wrongdoing or infringement.  Except as expressly admitted, NVIDIA denies the remaining allegations of this paragraph.

8. NVIDIA admits that the Court has personal jurisdiction over NVIDIA. Except as expressly admitted, NVIDIA denies the remaining allegations of this paragraph.

9. NVIDIA denies the allegations of this paragraph.

10. NVIDIA admits that it conducts business in the State of Texas. To the extent that Paragraph 10 contains any other allegations of fact, they are denied. To the extent that Paragraph 10 contains conclusions of law as opposed to allegations of fact, no answer is required.

11. NVIDIA denies that that venue is proper in this District and reserves its right to contest the appropriateness of venue in this District pending the Supreme Court's resolution of the issues raised in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, No. 16-341 because, like in *TC Heartland*, VEI has not and cannot assert that NVIDIA is incorporated in Texas or that it has any established place of business in this District.  NVIDIA furthermore denies that this District is the most convenient forum to exercise jurisdiction over this case.  To the extent that Paragraph 11 contains any other allegations of fact, they are denied.  To the extent that Paragraph 11 contains conclusions of law as opposed to allegations of fact, no answer is required.

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,864,304

12. All responses above are incorporated by reference as if fully set forth herein.

13. NVIDIA admits that on October 21, 2014, the '304 Patent was caused to be issued and that a copy of what purports to be the '304 Patent is attached to the Complaint as Exhibit A. Except as expressly admitted, NVIDIA denies the remaining allegations of this paragraph.

14. NVIDIA denies the allegations of this paragraph.

15. NVIDIA denies the allegations of this paragraph.

16. NVIDIA denies the allegations of this paragraph.

17. NVIDIA denies the allegations of this paragraph.

18. NVIDIA denies the allegations of this paragraph.

19. NVIDIA denies the allegations of this paragraph.

20. NVIDIA denies the allegations of this paragraph.

21. NVIDIA denies the allegations of this paragraph.

22. NVIDIA denies the allegations of this paragraph.

23. NVIDIA denies the allegations of this paragraph.

### ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,167,235

24. All responses above are incorporated by reference as if fully set forth herein.

25. NVIDIA admits that on October 20, 2015, the '235 Patent was caused to be issued and that a copy of what purports to be the '235 Patent is attached to the Complaint as Exhibit A. Except as expressly admitted, NVIDIA denies the remaining allegations of this paragraph.

26. NVIDIA denies the allegations of this paragraph.

27. NVIDIA denies the allegations of this paragraph.

28. NVIDIA denies the allegations of this paragraph.

29. NVIDIA denies the allegations of this paragraph.

30. NVIDIA denies the allegations of this paragraph.

31. NVIDIA denies the allegations of this paragraph.

32. NVIDIA denies the allegations of this paragraph.

33. NVIDIA denies the allegations of this paragraph.

34. NVIDIA denies the allegations of this paragraph.

35. NVIDIA denies the allegations of this paragraph.

### PLAINTIFF'S PRAYER FOR RELIEF

NVIDIA denies that VEI is entitled to the relief requested in paragraphs (1) – (4) of the

"Prayer for Relief" section of VEI's Complaint, or any other relief.

## DEMAND FOR JURY TRIAL

No response is necessary to VEI's request for a trial by jury; however, to the extent that a response is necessary, NVIDIA admits that the Complaint sets forth a request for trial by jury.

## II.   AFFIRMATIVE DEFENSES

NVIDIA alleges and asserts the following affirmative defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the defenses described below, NVIDIA specifically reserves all rights to allege additional defenses that become known through the course of discovery.  NVIDIA for its Affirmative Defenses to the Complaint of VEI states as follows:

## FIRST DEFENSE
### (Non-Infringement)

36.     NVIDIA does not infringe and has not infringed, either directly or indirectly, or at all, any claim of the '304 Patent or the '235 Patent.  NVIDIA has no liability for the alleged infringement of the Asserted Patents.

## SECOND DEFENSE
### (Invalidity)

37.     One or more claims of the '304 Patent and '235 Patent are invalid for failure to comply with the statutory requirements of one or more of the provisions in Title 35 of the United States Code, including §§ 101, 102, 103, and/or 112.

## THIRD DEFENSE
### (Failure to State a Claim)

38.     VEI has failed to plead its claims with sufficient specificity or factual support to place NVIDIA on notice of the claims Plaintiff is asserting against it, such that Plaintiff has failed

to state a claim upon which relief can be granted.

## FOURTH DEFENSE
### (Prosecution History Estoppel)

39. VEI's claim is barred by the doctrines of prosecution history estoppel and prosecution disclaimer.

## FIFTH DEFENSE
### (Limitations on Damages and Costs)

40. VEI's claims for damages or costs, if any, are statutorily limited by 35 U.S.C. §§ 286, 287, and/or 288.

## SIXTH DEFENSE
### (Equitable Defenses)

41. VEI's claims of patent infringement are barred by at least the doctrine of estoppel, waiver, laches, and/or other equitable doctrines, including without limitation unclean hands.

## OTHER AFFIRMATIVE DEFENSES

42. NVIDIA expressly reserves the right to assert any other legal or equitable defenses to which it is shown to be entitled.

Dated: January 23, 2017                     Respectfully submitted,


By:   /s/ Aamir A. Kazi
      Aamir A. Kazi
      Georgia Bar No. 104235
      kazi@fr.com
      FISH & RICHARDSON P.C.
      1180 Peachtree Street NE
      21st Floor
      Atlanta, Georgia 30309
      Telephone: (404) 892-5005
      Facsimile: (404) 892-5002

      Attorneys for Defendant
      NVIDIA CORPORATION

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on January 23, 2017, and was served via CM/ECF on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

<i>/s/ Aamir A. Kazi</i><br>
Aamir A. Kazi